defendant in divers litigations. The receivership having been twice vacated by this court (24 A D 2d 736; 24 A D 2d 860) the Receiver has been grossly and inexcusably lax in failing to wind up the matter, as previously directed by this court, and turning back the funds to defendant. It is only the stipulation between plaintiff and defendant with respect to payment of any charges appropriate to the receivership out of the funds in question that suggests there should not be an immediate turnover. However, the proceedings before the Special Referee should be terminated with utmost expedition and the balance of the funds turned over to defendant. If for any reason not due to the fault of the defendant the proceedings cannot be terminated within 20 days after service of the order herein with notice of· entry thereof, then the funds should be returned to defendant forthwith by order of the court with appropriate provisions for claims of third parties entitled to recognition, if any. Concur — Breitel, J. P., Rabin, Eager, Steuer and Capozzoli, JJ.

■ BRANA ROSENHAFT, Respondent, v. ISAAC R. ROSENHAFT, Appellant.— Judgment awarding alimony and counsel fees unanimously modified, on the law, on the facts and in the exercise of discretion by reducing the award for alimony from $90 to $75 a week on the ground that the amount allowed in the judgment is excessive and as thus modified the judgment is affirmed, without costs or disbursements. Concur — Rabin, J. P., McNally, Stevens, Eager and Witmer, JJ.

■ In the Matter of IRVING SPIELER, an Attorney.— Motion for reinstatement to the bar granted. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.

■ R. LAWRENCE SIEGEL et al. v. SIDNEY BUCHMAN.— Motion to direct that the appendix filed by the appellant be rejected on the ground that it fails to comply with the provisions of CPLR 5528 (subd. [a], par. 5) and rule X (subd. 4, pars. [b], [c]) of part 1 of the rules of this court denied. Concur — Stevens, J. P., Eager, Steuer and Capozzoli, JJ.

■ LEWIS L. BREDIN v. SIDNEY BUCHMAN.— Motion to direct that the appendix filed by the appellant be rejected on the ground that it fails to comply with the provisions of CPLR 5528 (subd. [a], par. 5) and rule X (subd. 4, pars. [b], [c]) of part 1 of the rules of this court denied. Concur — Stevens, J. P., Eager, Steuer and Capozzoli, JJ.

■ ELIZABETH QUINLAN et al. v. WILLIAM ELLIS et al.— Motion for resettlement granted and the decision of this court [24 A D 2d 938] is modified to the extent of eliminating provision for costs and disbursements. Resettle order on notice. Concur — Breitel, J. P., Rabin, Eager and Steuer, JJ.

■ In the Matter of LUDMILLA NOVIKOFF v. VLADIMIR POLANSKOY et al.— Motion for reargument granted and, upon such reargument, this court adheres to the original decision with the modification that the same does not preclude the appellant from obtaining a transcript as a poor person pursuant to CPLR 1102 (subd. [b]) on application to the trial court. Concur — Botein, P. J., McNally, Eager, Steuer and Capozzoli, JJ.

■ In the Matter of the Certificate of Incorporation of PRISONERS ASSISTANCE COMMITTEE, INC.— Application for approval of certificate of incorporation of Prisoners Assistance Committee, Inc., pursuant to subdivision 5 of section 280 of the Penal Law, dismissed. The petition to this court concedes that the proposed corporation " does not have for its purpose the rendering of legal service or the furnishing of attorneys or counsel, but merely the granting of funds to needy individuals who might then voluntarily expend such funds for the retention of legal counsel ". Although, according to the purposes stated in its proposed certificate of incorporation, the corporation will be empowered to furnish financial assistance and support to individuals detained, accused,